Johh J. Walsh, J.
This reargument [of motion to inspect the Grand Jury minutes; see, also, 36 Mise 2d 768, 38 Mise 2d 491] rests upon the contention that the defendant was interrogated by the police at a time in the early morning immediately after her arrest, but prior to her arraignment in the City Court. The defendant’s counsel argues that he was retained by defendant’s sister to represent defendant and that he attempted to see her at the police station and as a result defendant had retained counsel at the time the defendant was being questioned. Accord *494 ingly, defendant argues that the questioning constituted a violation of defendant’s constitutional rights. There is no signed statement involved.
The defendant relies upon People v. Rodriguez and People v. Carde (both in 11 N Y 2d 279).
The rule as to the admissibility of statements and confessions has undergone such rapid and extensive revision during the past several years that trial courts often rule in accordance with what appears to be the law at the time only to find upon appeal that the rule is again subject to revision. Such may well be the case here but this court cannot anticipate such changes and must apply the rule as presently understood.
In Spano v. New York (360 U. S. 315, revg. 4 N Y 2d 256) it was held that statements obtained from an accused after indictment are inadmissible.
Thereafter, in People v. Di Biasi (7 N Y 2d 544) statements obtained from an accused after indictment, in the absence of counsel, although not amounting to a confession were held to be testimonial compulsion. See, also People v. Waterman (9 N Y 2d 561) where statement was obtained after indictment and before arraignment.
In the Waterman case, Judge Fuld wrote (p. 564): “ The problem is that of achieving a balance between the competing interests of society in the protection of cherished individual rights, on the one hand, and in effective law enforcement and investigation of crime, on the other ”.
In People v. Meyer (11 N Y 2d 162) the question of the admissibility of a voluntary, unsolicited statement made by an accused to a police officer after arraignment following his arrest and before indictment was considered by the court. The court held there was no logical distinction between a postarraignment and a postindictment statement and that therefore, any statement made by an accused after arrignment not in the presence of counsel is inadmissible.
Defendant would have us accept as an established principle that Rodriguez is authority that any statement made after arrest by a defendant is inadmissible.
While it is true that the attempted arraignment of Garde was somewhat abortive because he did not understand English, it is clear that a sworn information had been filed and the charge was read to him. He was thus arraigned in the sense that the criminal proceeding had begun.
As a matter of fact the court in reversing the conviction of Carde and Rodriguez (whose conviction was the fruit of the improperly received statement of Carde) said (p. 284): “ It is *495 the interrogation, in the absence of counsel, after the criminal proceeding has been commenced, whether by grand jury indictment or by a charge placed before a magistrate following an arrest which is forbidden.”
Motion for reargument is granted and upon reargument, the original decision denying an inspection of the Grand Jury minutes is adhered to.